UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHERMAN MEALY | CIVIL ACTION |
| VERSUS | |
| SHERIFF SID J. GAUTREAUX, III, as the political entity responsible for the East Baton Rouge Parish Prison, ET AL. | NO. 16-716-JWD-RLB |

## ORDER

Before the Court is Plaintiffs' Motion for Sanctions Against the City/Parish of East Baton Rouge for Suborning Sworn Falsehoods or, Alternatively, for Attorney's Fees Pursuant to Rule 37(c)(2). (R. Doc. 109). The motion is opposed. (R. Doc. 110).

I. **Background**

On October 25, 2016, Sherman Mealy ("Plaintiff") commenced this action seeking relief under Title II of the Americans with Disability Act ("ADA"), the Rehabilitation Act of 1973 ("RA"), and 42 U.S.C § 1983. (R. Doc. 1). Plaintiff filed this action after his release from the East Baton Rouge Parish Prison. Plaintiff, who is a paraplegic and confined to a wheelchair, alleges that he was denied access to wheelchair-accessible showers and instead forced to ask other inmates to help him use the general population showers. Plaintiff also alleges that he was denied various medical supplies. Defendant Sheriff Sid Gautreaux and Defendant the City-Parish of East Baton Rouge ("City-Parish") each filed motions to dismiss Mr. Mealy's claims. (R. Doc. 10, 12). On July 21, 2017 those opposed motions were denied with respect to Mr. Mealy's Constitutional claims under Section 1983, and freestanding ADA and RA claims. (R. Doc. 41).

The instant dispute concerns certain interrogatory responses and denials of admission made by the City-Parish in response to Plaintiff's discovery requests.

Plaintiff argues that the City-Parish should be sanctioned under the Court's inherent power because of a conflict between statements made in a verified interrogatory response and later deposition testimony.

On March 9, 2018, the City-Parish provided, in relevant part, the following unverified response to Plaintiff's Interrogatory No. 3: "The Parish Prison is in compliance with all applicable provisions of the Americans with Disabilities Act regarding prisons. For example, Parish Prison was at all times pertinent herein equipped with shower seats, grab bars, and floor space allowable for wheelchair maneuvering." (R. Doc. 109-4 at 10). Upon Plaintiff's motion, the Court ordered the City-Parish to verify its interrogatory answers under oath as required by Rule 33(b)(3). (R. Doc. 83). On October 16, 2018, the City-Parish provided verifications under oath, including a verification by Dwayne Dufour. (R. Doc. 109-5).

On October 29, 2018, an architect for the City-Parish conducted a site inspection, noting various deviation from the 2010 ADA standards in the toilet/shower facilities in Building Q (the general population building). (R. Doc. 109-3). On December 10, 2018, Plaintiff's expert engineer conducted a site inspection, finding lack of compliance with the 2010 ADA standards in the toilet/shower facilities in Building Q, as well as other areas of the prison. (R. Doc. 109-6). Based on the foregoing, Plaintiff asserts that verified answer to Interrogatory No. 3 is incorrect, as the facility was in violation of the ADA. (R. Doc. 109-1 at 5).

On January 15, 2019, Mr. Dufour was deposed his capacity as a Rule 30(b)(6) representative of the City-Parish. (R. Doc. 109-2). Plaintiff's counsel presented Mr. Dufour with the City-Parish's interrogatory responses and Mr. Dufour's verification. (R. Doc. 109-2 at 50). Mr. Dufour acknowledged that the signature on the verification was his own but that he had no recollection of signing the verification. (R. Doc. 109-2 at 51-55). Mr. Dufour further testified that he did not conduct any walk-through of the prison to determine compliance with the 1991 or

2010 ADA standards or otherwise made any efforts to determine that the prison complied with the 1991 or 2010 ADA standards. (R. Doc. 109-2 at 55-56). Mr. Dufour confirmed that he does not know whether the prison is in compliance with all applicable provisions of the ADA regarding prisons, despite his verification of the City-Parish's answer to Interrogatory No. 3. (R. Doc. 109-2 at 58-59). There is no dispute that the City-Parish has not withdrawn Mr. Dufour's verification of Interrogatory No. 3.

Based on the foregoing, Plaintiff argues that the City-Parish has provided Plaintiff with admittedly false testimony, the Court should issue a harsh sanction under its inherent authority to deter future misconduct, and that sanction should consist of prohibiting the City-Parish from using any affidavits, requiring this order to be distributed to all members of the City-Parish council, and ordering the City-Parish to pay attorney's fees and costs. (R. Doc. 23 at 15-19).

Second, Plaintiff asserts that the City-Parish should be sanctioned under Rule 37(c)(2) in light of the City-Parish's denials to Plaintiff's Request for Admission Nos. 1-2. (R. Doc. 109-1 at 11-12, 18-19). The City-Parish denied that it "does not maintain a facility that is accessible to individuals with disabilities who require wheelchair accessibility as required by the Americans with Disabilities Act." (R. Doc. 109-4 at 3). The City-Parish also denied that it "denied plaintiff Sherman Mealey access to the shower in the jail infirmary upon his request on or around August 2015." (R. Doc. 109-4 at 3). Plaintiff argues that he has proven both denials are false, and, accordingly, should be awarded attorney's fees because the denials were not premised on a reasonable belief that the City-Parish might prevail on the matters denied.

In opposition, the City-Parish asserts that the motion is without merit because it has "provided consistent factual information" in response to Plaintiff's written discovery, and that the motion is premature to the extent it involves ultimate issues to be determined by a trier of fact. (R. Doc. 110). The City-Parish argues that Plaintiff confirmed during his own deposition

"that he had access to the showers and shower facilities within the jail at all times during his incarceration at the jail." (R. Doc. 110 at 5-6). The City-Parish further asserts that its responses to the discovery requests were its legal positions as opposed to the factual lack of knowledge of the particulars in the ADA provided by Mr. Dufour at his deposition. (R. Doc. 110 at 7). Finally, the City-Parish asserts that Plaintiff has suffered no prejudice as a result of the City-Parish's discovery responses. (R. Doc. 110 at 7-8).

## II.     Law and Analysis

### A.     The City-Parish's Verified Interrogatory Response

"Federal district courts have the inherent power, as well as the authority expressly granted under the Federal Rules of Civil Procedure, to impose sanctions where warranted." *Reyes v. Julia Place Condominiums Homeowners Association, Inc.*, Civil Action No. 12-2043, 2016 WL 5871278, at * 2 (E.D. La. Oct. 7, 2016). While a district court has "broad discretion" in fashioning remedies suited to the misconduct, usually a finding of bad faith or willful misconduct is necessary to support the severest remedies set forth in Rule 37(b)(2)(A). *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983). "Lesser sanctions do not require a finding of willfulness." *Id*.

Apart from the Federal Rules of Civil Procedure, "[f]ederal courts have the inherent power to assess sanctions under certain circumstances," such as "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or has defiled the 'very temple of justice.'" *Matter of Dallas Roadster, Limited*, 846 F.3d 112, 134 (5th Cir. 2017) (citing *Matta v. May*, 118 F.3d 410, 416 (5th Cir. 1997)) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). See also, *Moench v. Marquette Transportation Co. Gulf-Inland, LLC*, 838 F.3d 586, 595 (5th Cir. 2016) (same); *In re Proeducation International, Inc.*, 587 F.3d 296, 304 (5th Cir. 2009) ("To support an award of sanctions under its inherent power, '[a] court must make a specific finding

4

that the sanctioned party acted in bad faith.' ") (quoting *Matta*, 118 F.3d at 416); *Valley View Rentals, LLC v. Colonial Pipeline Co.*, No. 11-688, 2013 WL 12182682, at * 2 (M.D. La. May 28, 2013) ("The court's inherent power to impose sanctions is limited to circumstances where the sanctioned party has acted in bad faith."). In using this inherent power, the court "'must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees.'" *Dallas Roadster*, 846 F.3d at 134 (citing *Sandifer v. Gusman*, 637 Fed. App'x. 117, 121 (5th Cir. 2015) (per curiam) (quoting *Chambers*, 501 U.S. at 50)).

Having considered the arguments of the parties, the Court finds the sanctions requested with respect the verified interrogatory response to be unfounded. The City-Parish's interrogatory response provides a general legal conclusion that the prison "is in compliance with all applicable provisions of the Americans with Disabilities Act regarding prisons" as well as examples of why the City-Parish is in compliance and effort by the City-Parish's efforts to request repairs and improvements as needed and sought. The legal conclusion raised in the interrogatory response has not been resolved in this action. Furthermore, the Court makes no finding that the City-Parish or Mr. Dufour acted in bad faith. The issuance of a sanction related to this unresolved legal issue is inappropriate under the circumstances.

  **B. The City-Parish's Denials of Admission**

Plaintiff also seeks sanctions in light of the City-Parish's denial of Request for Admissions Nos. 1 and 2. Rule 37(c)(2) provides the following:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
>  (A) the request was held objectionable under Rule 36(a);
>  (B) the admission sought was of no substantial importance;
>  (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or

(D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2).

For similar reasons to those stated above, the Court finds the sanctions requested to be inappropriate. The City-Parish denied that the prison not "accessible" to individuals with disabilities as required by the ADA or that Plaintiff was denied "access" to certain shower facilities. The requests for admission appear to seek legal conclusions with respect to the accessibility of the prison facilities in light of ADA standards. *See Brooklyn Ctr. for Indep. of Disabled v. Bloomberg*, 980 F. Supp. 2d 588, 598 (S.D.N.Y. 2013) ("'Accessible' is a term of art in the context of addressing the needs of people with disabilities."). As stated above, this legal conclusion has not been resolved in this action. Plaintiff has made no showing that the City-Parish has not reasonable ground to believe that it might prevail on the matter of this legal question. Sanctions are inappropriate.

### III. Conclusion

Based on the foregoing, Plaintiffs' Motion for Sanctions Against the City/Parish of East Baton Rouge for Suborning Sworn Falsehoods or, Alternatively, for Attorney's Fees Pursuant to Rule 37(c)(2) (R. Doc. 109) is **DENIED**. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on July 15, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**