UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHERMAN MEALY | CIVIL ACTION |
| VERSUS | |
| SHERIFF SID J. GAUTREAUX, III, as the political entity responsible for the East Baton Rouge Parish Prison, ET AL. | NO. 16-716-JWD-RLB |

## ORDER

Before the Court is Plaintiff's Motion for Sanctions Pursuant to F.R.C.P. 30(d)(2). (R. Doc. 85). The motion is opposed. (R. Doc. 100). Plaintiff filed a Reply. (R. Doc. 103).

Also before the Court is Plaintiffs' Motion to Compel Production of Documents. (R. Doc. 86). The City of Baton Rouge/Parish of East Baton Rouge ("City-Parish") did not file a timely opposition. LR 7(f). The City-Parish did, however, raise certain arguments with respect to this motion in the context of opposing Plaintiff's Motion for Sanctions. (R. Doc. 100 at 8-10). Plaintiff filed a Reply. (R. Doc. 104).

I.  Background

On October 25, 2016, Sherman Mealy ("Plaintiff") commenced this action seeking relief under Title II of the Americans with Disability Act ("ADA"), the Rehabilitation Act of 1973 ("RA"), and 42 U.S.C § 1983. (R. Doc. 1). Plaintiff filed this action after his release from the East Baton Rouge Parish Prison. Plaintiff, who is a paraplegic and confined to a wheelchair, alleges that he was denied access to wheelchair-accessible showers and instead forced to ask other inmates to help him use the general population showers. Plaintiff also alleges that he was denied various medical supplies. Defendant Sheriff Sid Gautreaux and Defendant the City-

Parish of East Baton Rouge each filed motions to dismiss Mr. Mealy's claims. (R. Doc. 10, 12). On July 21, 2017 those opposed motions were denied with respect to Mr. Mealy's constitutional claims under Section 1983, and freestanding ADA and RA claims. (R. Doc. 41).

On March 9, 2018, the City-Parish responded to Plaintiff's First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents. (R. Doc. 79-2).

On April 26, 2018, Plaintiff's counsel sent a letter claiming various deficiencies in the discovery responses. (R. Doc. 86-3). The parties held a discovery conference on May 14, 2018, as documented in a letter from Plaintiff's counsel dated May 21, 2018. (R. Doc. 86-4). Among other things, Plaintiff raised issues regarding the City-Parish's responses to Plaintiff's Request for Production Nos. 3, 6, 13 and 14.

Plaintiff's counsel represents that "[o]n Thursday, June 21, 2018, defense counsel shared a dropbox folder 'Mealy v. Gautreaux, et al – City's Combined Supplemental Responses and Responses to Plaintiff's First and Second Set of ROGs and RFPs' with Plaintiff's counsel that contained several thousand pages of unorganized documents." (R. Doc. 86-5 at 1). Plaintiff's counsel further states that "[i]n a conversation with [the City-Parish's attorney] Mr. Howell Andrews leading up to the Rule 30(b)(6) deposition, Mr. Andrews informed [Plaintiff's counsel] that he had 'produced everything in his file' and that he wasn't holding anything back." (R. Doc. 86-5 at 2). Plaintiff represents that his counsel believed that all responsive documents had been located and produced in light of the folder's contents and conversations with defense counsel. (R. Doc. 86-1 at 5).

On November 6, 2018, the City-Parish objected to Plaintiff's Rule 30(b)(6) Notice of Deposition of the City-Parish. (R. Doc. 100-1). The deposition commenced on November 7, 2018 with Rintha Simpson as the Rule 30(b)(6) representative. (R. Doc. 100-2). During the

continuation of the deposition on November 16, 2018, Mr. Andrews handed Ms. Simpson a note stating the following "Do not give information not asked. DO NOT TELL THERE IS MORE THAN ONE HMA – Report." (R. Doc. 108; *see* R. Doc. 100-3 at 2).

After the deposition, Plaintiff requested the production of a "PMS 2015 Internal PO's sheet" equivalent to Exhibit 10 of the deposition, a "back pain protocol" document referenced at the deposition, and an "updated Prison Medical Services report presented at Wednesday's Metro Council meeting" as discussed at the deposition. (R. Doc. 86-8 at 1).

Through her Motion to Compel, Plaintiff seeks an order compelling the production of the foregoing documents. (R. Doc. 86 at 1). Plaintiff asserts that these documents are responsive to Plaintiff's Requests for Production Nos. 3, 6, 13 and/or 14. (R. Doc. 86-1 at 5-7). Defendant represents "[t]he City-Parish has produced all known medical records of the [P]laintiff, all applicable finance and budgetary records, personnel records, policies and protocols of EMS/PMS, training records, and the like within its known possession[,]" and that the process of searching the storage location would be unduly burdensome and disproportionate to the needs of this case. (R. Doc. 100 at 10).

Through her Motion for Sanctions, Plaintiff argues that defense counsel "impeded, delayed, and otherwise frustrated" Plaintiff's ability to take a fair Rule 30(b)(6) examination of the City-Parish "by (1) attempting to surreptitiously pass a note to the witness during Plaintiff's questioning of the witness, (2) making non-form objections, and (3) making numerous lengthy talking statements." (R. Doc. 85 at 1; *See* R. Doc. 89-1). Plaintiff seeks an order requiring, among other things, that all future depositions be videotaped at the expense of the City-Parish, production of defense counsel's note passed to the Rule 30(b)(6) representative, and an award of

attorney's fees for filing the motion and the costs of the Rule 30(b)(6) deposition transcript. (R. Doc. 85 at 1-2).

Ms. Simpson has submitted an affidavit representing that to her knowledge "that while there is only one health management report prepared by Health Management Associates ('HMA') pertaining to the East Baton Rouge Parish Prison, and the report is in the form of a power point presentation," she is "also aware of another health management report prepared by a group [she understands] to be called Loop Capital, which is in the form of a paragraph-style essay." (R. Doc. 100-3 at 2).

## II.     Law and Analysis

### A.     Plaintiff's Motion to Compel

#### 1.     Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii)

the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

A party must respond or object to a request for production within 30 days after service of the discovery. *See* Fed. R. Civ. P. 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests made pursuant to Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### 2. The PMS 2015 Internal POs

The City-Parish has produced a document titled "PMS 2016 Internal PO's" consisting of a list of various purchase orders made for the year 2016. (R. Doc. 86-6). Plaintiff now seeks the production of a similar document for the year 2015. Plaintiff speculates that this document may be destroyed or nonexistent because the City-Parish's representative could not attest to its existence, instead positing that it may be found in a warehouse of documents related to Prison Medical Services. (R. Doc. 86-1 at 6; *see* R. Doc. 89-2 at 1). Defendant asserts that "counsel for

5

the City-Parish has extended an invitation to the [P]laintiff's counsel to go to the storage location (warehouse) for his review of any and all items that are or otherwise may be relevant. . . ." (R. Doc. 100 at 8). It appears that Plaintiff has not reviewed the contents of the storage location or warehouse.[1]

Plaintiff's Request for Production Nos. 13 and 14, and the City-Parish's responses, are as follows:

> **Request for Production No. 13:**
> Produce any documentation and related communication associated with equipment, including the name, manufacturer, and any descriptive information, purchased or requested by the Defendant for Plaintiff Sherman Mealy through his incarceration in August 2015 through October 2016, including but not limited to any shower chairs or wheelchairs; evidence reflecting the date on which underlying orders were submitted by the defendant; evidence reflecting the date on which underlying materials were received by the defendant; and evidence reflecting the date on which the underlying materials were installed for Mr. Mealey's use or otherwise made available to him.
>
> **Response to Request for Production No. 13:**
> The City/Parish objects to the extent that request calls for an assumption of fact that the City-Parish is in possession or otherwise has access to the documentation requested. Subject to and without waiving same, please see attached.
>
> **Request for Production No. 14:**
> Produce any documentation regarding the relative handicap accessibility features of the shower facilities at the East Baton Rouge Parish Prison by respective ward and/or tier, including its date of installation.
>
> **Response to Request for Production No. 14:**
> The City/Parish objects to this request to the extent it is premature as discovery is ongoing and such information is not known at this time and/or may not become available until more information is collected through the course of this litigation. Respondent will timely supplement its response in accordance with the Court's Case Management Schedule.

(R. Doc. 79-2 at 26).

---

[1] This storage location or warehouse may be at the Airline Highway Branch Office of the East Baton Rouge Clerk of Court as the one referenced by defense counsel in another action, wherein the undersigned ordered the room inspected by an attorney for both sides. *See Adrienne Lewis v. East Baton Rouge Parish, Et al.*, Civ. No. 16-352, ECF No. 191. That room was later inspected as ordered and found not to contain responsive information in that case. ECF 195.

To the extent a 2015 version of the "PMS 2016 Internal PO's" document exists, it falls within the scope of the information sought by Request for Production Nos. 13 and 14. The City-Parish did not object to these discovery requests on the basis of relevancy or proportionality. The City-Parish has not provided any evidence that a reasonable search for this information has been conducted. Attorney Andrews is advised that production of "his file" is not the applicable standard under the Federal Rules of Civil Procedure and is an abdication of his responsibilities as an attorney practicing in this district. The City-Parish has not explained where the "PMS 2016 Internal PO's" document was located. It is unclear why a similar document for the year 2015 has not been produced. The City-Parish appears to admit that a similar document for 2015 is located in its warehouse, and that the document is in the City-Parish's possession, custody, or control. Accordingly, the Court will require the City-Parish to produce the document or otherwise state that the document could not be located after a diligent search.

### 3. Back Pain Protocol

Plaintiff represents that a "back pain protocol" document was identified during the Rule 30(b)(6) deposition but never produced. (R. Doc. 86-1 at 7; *see* R. Doc. 82-9 at 1).

Plaintiff's Request for Production No. 3, and the City-Parish's response, is as follows:

**Request for Production No. 3:** Produce all policies and procedures the Defendant maintains for providing medical care to incarcerated persons in their custody and/or respond to requests for medical services or assistance, including but not limited to relevant policies and procedures for providing catheters, lubricant for catheters, and suppositories for aiding with defecation.

**Response to Request for Production No. 3:** The City/Parish objects to the extent that request is vague as to time. Subject to and without waiving same, please see attached policies and procedures.

7

(R. Doc. 79-2 at 22-23). Among other things, the City-Parish produced a document titled "Provision for Treatment" stating that "Protocols are electronically stored as forms in the Electronic Medical Record (CorEMR)." (*See* R. Doc. 86-7).

The City-Parish raises no argument with respect to the "back pain protocol" document sought by Plaintiff. The document appears to fall within the scope of Request for Production No. 3. The City-Parish did not object to this discovery request on the basis of relevancy or proportionality. Accordingly, the Court will require the City-Parish to produce the document or otherwise state that the document could not be located after a reasonable search.

### 4. "Updated Prison Medical Services Report"

Finally, Plaintiff seeks the production of an "Updated Prison Medical Services Report" referenced in an Advocate article dated February 25, 2016. (R. Doc. 86-1 at 7). The referenced article states that "[m]edical services at the East Baton Rouge Parish Prison are improving, but the nurses who work there are sill in need of more coworkers and more supplies, according [to] an updated Prison Medical Services report presented at Wednesday's Metro Council meeting." (R. Doc. 86-1 at 7 n. 21).

Plaintiff asserts that at the Rule 30(b)(6) deposition, the City-Parish was unable to identify whether the foregoing report was written or oral, and, when Plaintiff's counsel inquired about the contents of the report, defense counsel instructed the Rule 30(b)(6) representative not to answer. (R. Doc. 86-1 at 7).

Plaintiff's Request for Production No. 6, and the City-Parish's response, is as follows:

**Request for Production No. 6:** Produce all documents reflecting the defendant's staffing of the East Baton Rouge Parish Prison and Prison Medical Services.

**Response to Request for Production No. 6:** The City/Parish objects to the extent that request is vague as to time. Further objecting, the City/Parish does not staff the Parish Prison, which is performed by the EBRSO. Further objecting, to

8

> whatever extent a period of time can be determined, the information of PMS
> staffing is protected under La. R.S. 44:3 for confidentiality of the public
> employees' right to privacy. Subject to and without waiving same, please see
> attached.

(R. Doc. 79-2 at 23). The City-Parish did not object to these discovery requests on the basis of relevancy or proportionality. The existence of any updated PMS report, whether written or recorded, on the Wednesday prior to the publication to the foregoing Advocate report should be easily verifiable. Accordingly, the Court will require the City-Parish to produce the document or otherwise state that the document could not be located after a reasonable search. The City-Parish must also produce the health management report by Loop Capital if that report is in the City-Parish's possession, custody, or control, or otherwise state that the document could not be located after a reasonable search.

### 5. Costs and Fees in Bringing the Motion to Compel

The Court will grant Plaintiff's Motion to Compel to the extent it seeks an order requiring the City-Parish to supplement its responses. If a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not order such payment, however, if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*.

Having considered the record, the Court finds a sanction of reasonable expenses incurred in making the motion, including attorney's fees, to appropriate.

## B. Plaintiff's Motion for Sanctions

Plaintiff also seeks sanctions based on certain conduct by the attorney for the City-Parish during the course of a deposition. "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2); *see* Fed. R. Civ. P. 30(d) Advisory Committee's Note, 1993 amendments ("The rule also explicitly authorizes the court to impose the cost resulting from obstructive tactics that unreasonably prolong a deposition on the person engaged in such obstruction. This sanction may be imposed on a non-party witness as well as a party or attorney, but is otherwise congruent with Rule 26(g)."). Furthermore, an objection at a deposition "must be stated concisely in a nonargumentative and nonsuggestive manner." Rule 30(c)(2); *see Thomas v. Rockin D Marine Servs., LLC*, No. 12-1315, 2013 WL 2459217, at *6 (E.D. La. June 6, 2013). "Depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond." Fed. R. Civ. P. 30(d) Advisory Committee Note, 1993.

Here, the Court finds it appropriate to impose sanctions based on the conduct of the City-Parish. During the course of the Rule 30(b)(6) deposition, the City-Parish's attorney, Mr. Andrews passed a note to the witness telling her not to provide factual information with respect to the existence of a second HMA report. Regardless of whether Mr. Andrew's note provides a correct factual statement, there is no basis for an attorney defending a deposition to feed the deponent factual answers. *See Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 528 (E.D. Pa. 1993) ("There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and

helping the witness to formulate answers."). By passing this note to the Rule 30(b)(6) designee, as well as by making various speaking objections and statements, Mr. Andrews unduly interfered with the deposition, unreasonably prolonged the deposition, and prejudiced Plaintiff by frustrating the fair examination of the deponent.

As an appropriate sanction, the Court will require the City-Parish to pay the reasonable expenses incurred in making the Motion for Sanctions, including attorney's fees. As discussed above, the City-Parish will also be responsible for expenses incurred in bringing the Motion to Compel. No further sanctions are appropriate. Plaintiff must bear her own costs for videotaping depositions and obtaining deposition transcripts.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Compel Production of Documents (R. Doc. 86) is **GRANTED**. The City-Parish must supplement its response to Mr. Mealy's Request for Production No.'s 3, 6, 13, and 14, within **14 days** of the date of this Order, or as otherwise agreed upon by the parties, as detailed in the body of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions Pursuant to F.R.C.P. 30(d)(2). (R. Doc. 85) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to an award of the reasonable attorney's fees and costs incurred in bringing his Motion to Compel and Motion for Sanctions, and that Defendant shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[2] Defendant shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Plaintiff shall, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Defendant shall, within 7 days of the filing of Plaintiff's Motion, file any opposition pertaining to the imposition of the amounts requested by Plaintiff.

Signed in Baton Rouge, Louisiana, on July 15, 2019.

/s/ Richard L. Bourgeois, Jr.
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The Court recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.