UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHERMAN MEALY | CIVIL ACTION |
| VERSUS | |
| SHERIFF SID J. GAUTREAUX, III, as the political entity responsible for the East Baton Rouge Parish Prison, ET AL. | NO. 16-716-JWD-RLB |

## ORDER

Before the Court is Plaintiff's Motion to Fix Attorneys' Fees (R. Doc. 119) filed on July 30, 2019. Defendant filed its Memorandum in Opposition (R. Doc. 126) on August 6, 2019.

### I. Background

On October 25, 2016, Sherman Mealy ("Plaintiff") commenced this action seeking relief under Title II of the Americans with Disability Act ("ADA"), the Rehabilitation Act of 1973 ("RA"), and 42 U.S.C § 1983. (R. Doc. 1). Plaintiff filed this action after his release from the East Baton Rouge Parish Prison. Plaintiff, who is a paraplegic and confined to a wheelchair, alleges that he was denied access to wheelchair-accessible showers and instead forced to ask other inmates to help him use the general population showers. Plaintiff also alleges that he was denied various medical supplies. Defendant Sheriff Sid Gautreaux and Defendant the City-Parish of East Baton Rouge each filed motions to dismiss Mr. Mealy's claims. (R. Doc. 10, 12). On July 21, 2017 those opposed motions were denied with respect to Mr. Mealy's constitutional claims under Section 1983, and freestanding ADA and RA claims. (R. Doc. 41).

Plaintiff filed a Motion to Compel Production of Documents (R. Doc. 86) on November 27, 2018. Therein, Plaintiff sought the production of three "key documents." (R. Doc. 86 at 1).

Plaintiff also filed a Motion for Sanctions Pursuant to Rule 30(d)(2) (R. Doc. 85) on November 26, 2018, seeking sanctions arising out of a deposition taken pursuant to Fed. R. Civ. P. 30(b)(6).

The Court granted Plaintiff's Motion to Compel (R. Doc. 86) and Motion for Sanctions (R. Doc. 85) by way of Order (R. Doc. 116) dated July 16, 2019. Therein, the Court also awarded Plaintiff his reasonable expenses incurred in connection with the Motion to Compel, including attorney's fees, as well as his reasonable expenses incurred in connection with the Motion for Sanctions, including attorney's fees. (R. Doc. 116 at 9, 11).

On July 30, 2019, Plaintiff filed his Motion to Fix Attorneys' Fees (R. Doc. 119), seeking a total of $8,503.00 as reasonable attorneys' fees.

**II.     Law and Analysis**

   **A.     Legal Standard**

Once a district court has determined that a party is entitled to an award of attorney's fees, as in this case, it must find the number of hours reasonably expended on the case[1] and the reasonable hourly rate for the attorney's services. *Wegner v. Standard Ins. Co.,* 129 F.3d 814, 822 (5th Cir. 1997).  The court then multiplies those two figures together to determine the "lodestar" amount of attorney's fees. *Id.*  The lodestar amount is presumed to be the reasonable fee, but it may be adjusted upward or downward after consideration of the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–719 (5th Cir. 1974).[2]

---

[1] Counsel is "charged with proving that they exercised billing judgment." *Winget v. Corporate Green,* LLC, No. 09-0229, 2011 WL 2173840, *4 (M.D. La. 2011) (quoting *Walker v. U.S. Dept. of Housing and Urban Development,* 99 F.3d 761, 770 (5th Cir. 1996)). Attorneys exercise billing judgment by not charging for time that is unproductive, excessive, or duplicative when seeking a fee award. *Id.*

[2] Those factors include the following: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount of money involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.*

B.  **Analysis**

In support of his request for $8,503.00 in attorney's fees, Plaintiff submitted an itemized breakdown of the fees requested, noting the date, identity of person completing the task, the hours spent, the hours sought, a description of the task, and whether the fee was reduced or eliminated from the request. (R. Doc. 119-2).

1.  **Reasonable Hourly Rate**

Plaintiff requests reimbursement in the amount of $300/hour for the work of Andrew Bizer, a partner with sixteen years of experience, $200/hour for Garret DeReus, a partner with six years of experience, and $100/hour for their paralegal. (R. Doc. 119-1 at 4). Defendant responds with the suggestion that the rate sought for the work of Mr. DeReus be reduced to $150/hour, citing *Mark v. Sunshine Plaza, Inc.*, 2018 WL 1282414, at * 4 (E.D. La. Mar. 12, 2018).

"An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested." *Mark*, 2018 WL 1282414, at *4 (citing *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995)). Here, Plaintiff submits no evidence that the $200/hour rate requested for Mr. DeReus is his customary billing rate, stating only that the "hourly rate for Mr. DeReus is likely higher than $200.00/hour." (R. Doc. 119-1 at 6). Further, the Court notes that the rate is contested by Defendant.

*Miraglia v. Bd. of Supervisors of La. State Museum*, 2018 WL 6067549, at *2-3 (E.D. La. Nov. 20, 2018), which appears to be the most recent published jurisprudence addressing attorney's fees requests for work performed by Mr. DeReus, noted an hourly rate of $150 award for his work in November 2017, and declined to raise that hourly rate to $185 for appellate work.

3

In *Falls v. Board of Commissioners of New Orleans Regional Transit Authority*, 2017 WL 2730781, at *10 (E.D. La. June 26, 2017), the court found $175/hour to be a reasonable rate for Mr. DeReus.

Based on the Court's review of the caselaw presented by the parties, the amounts requested by both parties are within the range of prevailing market rates. Accordingly, the Court finds a rate of $175/hour to be reasonable for the work performed by Mr. DeReus.

### 2.     **Reasonable Hours Expended**

Plaintiff seeks reimbursement for 3.84 hours of work performed by Mr. Bizer, 36.11 hours of work performed by Mr. DeReus, and 1.29 hours of work for a paralegal. (R. Doc. 119-2 at 6). At the hourly rates requested by Plaintiff, this amounts to a request for $8,503.00 for 41.24 hours of work. In support of these hours, the Court notes that Plaintiff filed a Motion for Sanctions Pursuant to Rule 30(d)(2) (R. Doc. 85), Motion to Compel Production of Documents (R. Doc. 86), as well as two Reply memoranda (R. Docs. 95 and 96) in connection therewith.

The Court finds 41.24 hours unreasonable and will reduce the award for reasonable hours as follows.

The work performed by Mr. Bizer consisted of consultation with his co-counsel, and review of the documents drafted by Mr. DeReus. At the same time, Plaintiff represents that Mr. DeReus is now a full partner "[d]ue to the ascendency of his skills," and the "attorneys at Bizer & DeReus have gained experience and therefore improved efficiency." (R. Doc. 119-1 at 4). Accordingly, the Court finds the 3.84 hours of work performed by Mr. Bizer to be unnecessary and duplicative.

Turning to the request for reimbursement of the hours incurred by the paralegal, the Court finds an award for 0.99 hours to be appropriate. This represents the aggregate time spent

4

on November 27, 2018 and December 31, 2018 for drafting the respective motions and proposed orders. (R. Doc. 119-2 at 2, 4). The remainder of the paralegal time sought by Plaintiff (i.e., time not already stricken by Plaintiff, and not part of the .99 hours previously referenced) appears to be similar to clerical tasks that were stricken, or work not performed on this litigation.[3] Accordingly, an award of $99.00, or .99 hours at $100/hour, for the reasonable hours expended by a paralegal.

Lastly, the Court turns to the reasonableness of Plaintiff's request for reimbursement of 36.11 hours of work for Mr. DeReus. Based on the timesheet submitted, Plaintiff seeks reimbursement for 17.23 hours of time spent relation to the motion for sanctions, 14 hours of time spent in relation to the motion to compel, and an additional 4.88 hours of time attributable either to both motions, or the Court was unable to discern the motion to which apply the time.

The Court finds the amount of time expended in relation to the two motions to be excessive. Some of the billing entries deal with conversations between attorneys or paralegals, the contemplation of litigation strategy, or reviewing Plaintiff's own motions already filed, as opposed to actual substantive effort expended. Though not prohibited from reimbursement *per se*, the Court notes these entries comprise approximately 6.5 hours of the time billed.

In addition, based on a review of relevant jurisprudence and general practice in this district, 14 hours of time billed for a motion to compel and 17.23 hours of time billed for a motion for sanctions is excessive. At the outset, Plaintiff's counsel has made representations that they are "unaware of any Louisiana attorneys who have an equivalent level of expertise and

---

[3] For example, a paralegal billed a total of .35 hours on November 27, 2018 for applying exhibit stamps, filing documents, and downloading and printing a pleading, similar to clerical tasks Plaintiff had already stricken from the request. (R. Doc. 119-2 at 2). In another entry, a paralegal billed .17 hours for "draft request for certified copy of articles of incorporation / draft check and mail request," which does not appear to have any relation to this litigation or the instant relief sought. (R. Doc. 119-2 at 4).

success in ADA litigation, that Mr. DeReus is now a full partner as of late 2016, has been involved in over 200 ADA cases, and has "gained experience and therefore improved efficiency." (R. Doc. 119-1 at 4; R. Doc. 119-4 at 2). It should be expected that the time spent would be less than what is typically seen, not significantly more. Plaintiff references no caselaw supporting his request for a total of 36.11 hours of work on a motion to compel and a motion for sanctions. On the contrary, the jurisprudence suggests that a significant reduction in the hours requested would be warranted.[4]

Finally, the Court also notes that the subject matter of both motions was not particularly complex, nor did either motion involve novel issues of law. Plaintiff's Motion to Compel (R. Doc. 86) sought three specific documents, the potential existence of which was discovered at a 30(b)(6) deposition of Defendant. Plaintiff's Motion for Sanctions (R. Doc. 85) arose out of conduct of adverse counsel at a deposition.

The Court finds Plaintiff's request for 36.11 hours of time expended on a motion to compel and a motion for sanctions to be unreasonable. Based on the discussion above, the Court will award 6 hours as a reasonable amount of time for the motion to compel, and 7 hours as a reasonable amount of time for the motion for sanctions. At the reasonable rate of $175/hour, this amounts to an award of $2,275.00 for the time expended by Mr. DeReus on both motions.

---

[4] *See, e.g., De'on Moody v. Associated Wholesale Grocers, Inc.*, 2019 WL 6683850, at *4 (E.D. La. Dec. 6, 2019) (awarding 4.875 hours for a motion to compel); *Alvey v. Wells*, 2019 WL 4861893, at *2 (M.D. La. Oct. 2, 2019) (awarding 2 hours for motion to compel); *Sieber v. Delta Air Lines, Inc.*, 2019 WL 2026853, at *2 (E.D. La. May 8, 2019) (awarding 9 hours for a motion to compel; attorneys performed 26.9 hours of work, but "exercised prudent billing judgment by seeking attorney's fees for only nine (9) hours of work"); *Rhodes v. Vandyke*, 2018 WL 2925133, at *3 (W.D. Tex. June 11, 2018) (awarding 5.7 hours for motion to compel, including contacting opposition counsel multiple times, preparing the motion, and request for attorney fees and expenses); *Lechuga v. Magallanes*, 2017 WL 8180782, at *4 (W.D. Tex. July 28, 2017) ("The Court further finds that spending 18.9 hours on two successful motions to compel was reasonable and necessary."); *Liberty Mut. Fire Ins. Co. v. Ford Motor Co.*, 2017 67524, at *4 (E.D. La. Jan. 6, 2017 (awarding 8.25 hours for motion to compel); *Lequip Importacao e Exportacao de Maquinas e Equipamentos Limitada v. Drillers Mud Sys., L.L.C.*, 2014 WL 3970100, at *1 (W.D. La. Aug. 13, 2014) (reducing 15.6 request hours by half, to 7.8 for motion to compel); *Vidalia Dock & Storage Co. v. Donald Engine Serv., Inc.*, 2006 WL 2385339, at *1 (W.D. La. Aug. 16, 2006) (awarding 3.5 hours for motion to compel).

The Court further finds that a reduction of the lodestar amount pursuant to the *Johnson* factors to be unnecessary, in part because some of those factors were considered in the calculation of the lodestar. *See, e.g., Mark v. Sunshine Plaza, Inc.*, 2018 WL 1960022, at *3 (Apr. 26, 2018) (citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) ("To the extent that any of these factors is subsumed in the lodestar, however, they should not be reconsidered when determining whether an adjustment is appropriate.").

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Fix Attorneys' Fees (R. Doc. 119) filed on July 30, 2019 is **GRANTED** and Defendant shall pay attorney's fees in the amount of Two Thousand Three Hundred Seventy-Four Dollars ($2,374.00).

Signed in Baton Rouge, Louisiana, on January 8, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**