UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHERMAN MEALEY                                   C.A. NO.:  3:16-CV-716-JWD-RLB

VERSUS

SHERIFF SID J. GAUTREAUX, III, ET AL

### RULING AND ORDER ON PLAINTIFF'S MOTION TO STRIKE

Before the Court is a Motion to Strike filed by Plaintiff Sherman Mealey ("Plaintiff" or "Mealey"). (Doc. 200.) It is opposed by defendant City of Baton Rouge/Parish of East Baton Rouge ("Defendant" or "City/Parish"). (Doc. 202.) Plaintiff filed a reply brief. (Doc. 205.) Having considered the arguments raised by the parties, the facts, the applicable law, and for the reasons expressed below and, for the following reasons, the motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff is a paraplegic, who is unable to walk, stand, or use his legs without assistance and requires a wheelchair for his primary means of mobility. (Mealey Dep., Doc. 150-34 at 19:10-12, 30:2-8). Mealey was first incarcerated at EBRPP in 2012 and also from August 10, 2015 to October 24, 2016. This action concerns the alleged failure of the City/Parish "to provide Mr. Mealey with sufficient accommodations, as is required by the ADA, RA and the U.S. Constitution during his incarceration" at EBRPP. (Doc. 214 at 1.) Plaintiff 'claims that the discrimination and violation of his rights occurred in various forms, including failing to provide him with access to a shower, that is accessible for his mobility limitations." (Id.)

Defendant denies Plaintiff's allegations and contends that that it met all of its legal responsibilities and that Plaintiff was provided reasonable access to satisfy all of his needs.

1

## II.     SUMMARY OF ARGUMENT OF THE PARTIES

In this motion, Plaintiff asks the Court to strike thirty four individuals he claims were not disclosed to Plaintiff as potential witnesses until the drafting of the Pretrial Order on or about April 10, 2020, over a year after the discovery cut-off of January 15, 2019, and after dispositive motions had been filed and ruled upon. (Doc. 200-1 at 2-3.) Plaintiff argues these witnesses were not listed in Defendant's initial disclosures or discovery responses, and the inclusion of them now violates the scheduling order and prejudices Plaintiff since it is too late to depose them. (*Id*. at 6-8.)

The City/Parish counters that "[t]he lack of formal listing of the names in the [initial] disclosures was harmless error because they were claimed by the plaintiff himself in the broadest respect and the names also appeared within the medical and security records disclosed during initial disclosures." (Doc. 202 at 3.) It argues that this late disclosure has not prejudiced Plaintiff because all of these names were found in the prison and medical records supplied to Plaintiff as a part of the initial disclosures and discovery responses.

The basis for Defendant's contention that the witnesses were "claimed by the plaintiff himself in the broadest respect" is that Plaintiff listed "[a]ll personnel associated with the East Baton Rouge Prison, either currently or formally associated therewith, including but not limited to…[six names are then listed]." (*Id*. at 2, citing Doc. 202-1 at 2–3.) Defendant's contention that that there is no prejudice to Plaintiff for failing disclose the witnesses until well after the discovery cutoff is based on its argument that "it is only reasonable to anticipate" that individuals whose names are found in the prison and medical records might ultimately be listed as possible witnesses for Defendant. (*Id*. at 4.) Alternatively, Defendant argues that there is no prejudice because there is still time for Plaintiff to take their depositions before trial. (*Id*.)

In its reply, Plaintiff argues that it is unfair to claim that Plaintiff must anticipate that anyone whose name is found in the voluminous prison documents and medical records may be called as a witness for Defendant, without Defendant identifying him or her specifically. (Doc. 205 at 2.)

### III. STANDARD

The applicable standard which must be used by this Court to resolve this issue was set out in *Robertson v. Home Depot, Inc*. No. CV 14-806-JWD-EWD, 2017 WL 870401, at *9 (M.D. La. Mar. 3, 2017) and *BASF Corp. v. Man Diesel & Turbo N. Am., Inc*., No CV 13-42-JWD-RLB, 2016 WL 590465, at *2 (M.D. La. Feb. 11, 2016). In *Robertson*, this Court stated:

> Rule 37 provides: "If a party fails to ... identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that ... witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In evaluating whether a violation of rule 26 is harmless," district courts "look to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Research Found. v. Magna Transp., Inc*., 338 F.3d 394, 402 (5th Cir. 2003) (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)).
>
> "The burden is on the party facing sanctions to prove that its failure to comply with Rule 26(a) was 'substantially justified or harmless.' " *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001)); see also *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271–72 (6th Cir. 2010). The Court's decision on this issue is subject to an abuse of discretion standard. *See Texas A&M Research Found*., 163 F.3d at 252 (*citing United States v. $9,041,598.68,* 163 F.3d 238, 252 (5th Cir. 1998)).

*Robertson*, 2017 WL 870401, at *9.

### IV. DISCUSSION

Plaintiff filed suit on October 25, 2016. (Doc. 1.) The City/Parish filed initial disclosures on February 9, 2017. (Docs. 200-2 and 200-3.) Defendant listed nineteen witnesses but provided

3

no substantive information held by these witnesses. (Doc. 200-2.) Extensive discovery was done including an extensive 30(b)(6) deposition which Plaintiff represents was based on the information provided by the City/Parish in written discovery. (Doc. 200-1 at 2 and Doc. 200-4.)

Discovery closed on January 14, 2019. No party has moved to re-open discovery. Trial was originally set on February 3, 2020 and continued by the Court until August 3, 2020. (Doc. 176.) On or about April 10, 2020, The City/Parish provided the list of its witnesses to counsel for Plaintiff in connection with the drafting of the pretrial order to which Plaintiff objected as containing witnesses not previously revealed. (Docs. 200-4 through 200-7.) Plaintiff lists those witnesses on Doc. 200-8.

To determine whether to grant the relief Plaintiff seeks, the Court will consider each of the four factors listed above.

### A. Importance of the evidence

While Defendant argues that "the importance of these witnesses' testimony is of a high degree," (Doc. 202 at 3), it fails to explain why. Rather, it states that they are being listed on the Pretrial Order as "may call" witnesses and "may offer only rebuttal evidence." (*Id*.) In correspondence with Plaintiff's counsel attempting to explain its position on these late added witnesses, Defendant's counsel wrote: "none of these witnesses may be needed, but it is yet to be determined." (Doc. 200-7 at 1.)

In its briefing, Defendant does not detail what these witnesses will say other than to suggest vaguely that they will support Defendant's contention that adequate medical care was given to Plaintiff while at EBRPP and will support "security records [that] reflect access [was] provided to the plaintiff in conformity with the Sheriff's Rules and Regulations." (Doc. 202 at 3.) Given that "[t]he burden is on the party facing sanctions to prove that its failure to comply with

Rule 26(a) was 'substantially justified or harmless.' " *Robertson*, 2017 WL 870401 at *9 (quoting *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013)), Defendant has failed to carry its burden on this factor and thus, this factor weighs in favor of Plaintiff.

### B. Prejudice to Opposing Party

Adding some 30 previously undisclosed witnesses to the Pretrial Order over a year after the discovery cutoff and about 3 and a half months before the scheduled trial date of August 3, 2020, obviously prejudices Plaintiff since he can no longer depose the witnesses. This is particularly true given the timing of Defendant's disclosure during the COVID-19 pandemic which has severely limited access to witnesses and disrupted the normal methods for the taking of depositions.

Defendant's argument that there is no prejudice to Plaintiff because the names of these witnesses appear in medical and prison records of Plaintiff (who was in EBRPP for some thirteen months) is disingenuous. A party should not be required to assume that his opponent may call every witness whose name appears in records produced in initial disclosures or subsequent discovery or who is mentioned in depositions. The reason one must name individuals in the initial disclosure or updates, and discovery responses, is so the parties may make a reasoned decision about whether to depose them. *See, e.g. Robertson*, 2017 WL 870401 at *11 ("[m]erely referencing these individuals at a deposition . . . does not excuse Plaintiff of his obligations under Rule 26.").

However, Defendant argues that some of the 34 witnesses were in fact listed by Plaintiff in his initial disclosures and, in addition, Plaintiff also listed broadly "all personnel at the East Baton Rouge Prison." (Doc. 202 at 6.) The Court finds that Plaintiff's listing of "all personnel" at

5

EBRPP does not absolve Defendant from its failure to timely list the witnesses in its initial disclosures or in an update. However, the Court has compared Plaintiff's initial disclosures (Doc. 202-1) with the Itemized List of the Thirty-Four Disputed Witnesses at issue here. On Plaintiff's Rule 26(a)(1(A)(i) disclosures, there are five individuals listed as persons "likely to have discoverable information" who are among the 34 persons Defendant added. As to these five individuals only (Linda Snowden, Tracey Stafford, Lt. Rudolph Hyde, Cply (sic) Brian Wells and Cpl. Clyde Spain), Plaintiff cannot claim surprise or prejudice. As to the remainder of witnesses at issue, the Court finds the prejudice factor favors Plaintiff.

### C. Possibility of Curing Prejudice with Continuance

Neither side has requested a continuance and, given the age of the case and the fact that the case has been previously continued (Doc. 176), the Court finds that this factor favors Plaintiff.

### D. The Explanation for the Failure to Disclose

Other than to argue that the names of these individuals was provided through the production of records, Defendant has not given the Court in its briefing any reasonable or justifiable explanation of why these individuals were disclosed to Plaintiff so late in the day. This factor weighs in favor of Plaintiff.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's motion is denied as to Linda Snowden, Tracey Stafford, Lt. Rudolph Hyde, Cply. (sic) Brian Wells and Cpl. Clyde Spain. The Court will allow Plaintiff to depose these individuals prior to trial should he wish to do so. The motion is granted in all other respects.

Signed in Baton Rouge, Louisiana, on June 26, 2020.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**